IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| KENNETH LEE BROWN, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-2 |
| v. | |
| GEORGIA DEPARTMENT OF CORRECTIONS; LONG STATE PRISON; and JESSIE WILLIAMS, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  Although Plaintiff filed this Complaint concerning events that occurred at Long State Prison in Ludowici, Georgia, he has since been transferred to Georgia State Prison in Reidsville, Georgia.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Georgia Department of Corrections and Long State Prison and all claims for monetary damages against Defendant Williams sued in her official capacity.  However, I **FIND** that one of Plaintiff's claims may proceed.  Specifically, the Court will direct service, by separate Order, of a deliberate indifference claim against Defendant Williams.

## PLAINTIFF'S CLAIMS[1]

Plaintiff claims another inmate stabbed him several times with a pen with a nail inside of it. Doc. 1 at 5. Plaintiff asserts he and other inmates heard this inmate state he would harm someone if the inmate's parole was not granted. Id. Plaintiff asserts Defendant Williams and other staff should not have transferred the inmate who stabbed him to this facility. Id. at 6. Plaintiff states he expressly warned Defendant Williams of the threats made by the other inmate. Id. at 5, 8. Although Plaintiff mentions Defendant Williams' supervisory role at the prison, the Court liberally construes Plaintiff's Complaint as stating a deliberate indifference claim based on Defendant Williams' direct participation in unconstitutional conduct.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

### I. Georgia Department of Corrections and Long State Prison

In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies, penal institutions, and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit. Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) (holding the Eleventh Amendment bars § 1983 suits against state agencies) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66–70 (1989)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.") (citations omitted). A state's Department of Corrections is considered an arm of the state that is protected

3

by Eleventh Amendment sovereign immunity.  Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Therefore, Plaintiff cannot properly assert claims under § 1983 against the Georgia Department of Corrections.  Plaintiff also cannot assert plausible claims under § 1983 against Long State Prison.  Additionally, Plaintiff has not specifically explained how these institutions violated his constitutional rights.  Therefore, he has not stated sufficient factual matter to state a plausible claim against these Defendants.  Ashcroft, 556 U.S. at 678.  Thus, I **RECOMMEND** the Court **DISMISS** all claims against Georgia Department of Corrections and Long State Prison.

## II.     Jessie Williams

Plaintiff has sued Defendant Williams in both her individual and official capacities but also seeks monetary damages.  Doc. 1 at 3.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71.  Therefore, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendant Williams to the extent she is sued in her official capacity.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against Georgia Department of Corrections and Long State Prison and all claims for monetary damages against Defendant Williams sued in her official capacity.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of September, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA