# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| KENNETH LEE BROWN, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:21-cv-2 |
| | * | |
| v. | * | |
| | * | |
| JESSIE WILLIAMS, | * | |
| | * | |
| Defendant. | * | |

## ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated July 11, 2022. Dkt. No. 19. In the Report, the Magistrate Judge recommended the Court grant Defendant Williams' motion to dismiss and dismiss Plaintiff's Complaint in its entirety for failure to exhaust his available administrative remedies. Dkt. No. 16.

Plaintiff now objects to the Magistrate Judge's Report. Dkt. No. 19. While Plaintiff's Objections are responsive, they are meritless. First, Plaintiff argues there are no available administrative remedies because the specific remedy he seeks (monetary damages) is not available under the Georgia Department of Corrections' ("GDC") Standard Operating Procedure ("SOP").

AO 72A
(Rev. 8/82)

Id. at 1. However, as the Magistrate Judge correctly explained, an inmate is still required to exhaust his administrative remedies, even where the plaintiff seeks only monetary damages and the grievance process bars such a remedy. Booth v. Churner, 532 U.S. 731, 741 (2001) (holding the Prison Litigation Reform Act ("PLRA") requires exhaustion, even if the plaintiff seeks only monetary damages and the grievance process does not permit such relief).

Additionally, Plaintiff complains the threats and assault occurred within a matter of days and before the 10-day period in which he has to file a grievance expired. Dkt. No. 19 at 1-2. But, here, Plaintiff did not file any grievance whatsoever—whether before or after the assault. Plaintiff has not demonstrated the timing of the threats and the assault rendered the grievance procedure unavailable.

Plaintiff's argument that fellow inmate Wood's threats were too vague is also meritless. Id. at 2. Wood's threats were sufficiently definite for Plaintiff to report the threats to Defendant Williams and other prison officials. Dkt. No. 12 at 2. Moreover, even if Wood's threats prior to assaulting Plaintiff were vague, Plaintiff could have but chose not to file a grievance after he was assaulted. As the Magistrate Judge pointed out, Plaintiff's failure to file a grievance post-

2

assault also means he failed to exhaust his administrative remedies. See Dkt. No. 16 at 9.

Plaintiff also argues the prison handbook leaves to his discretion whether to file a grievance. Dkt. No. 19 at 3. Though the filing of a grievance is left to the discretion of an inmate, nothing in the procedure abrogates the PLRA such that an inmate's decision not to file a grievance waives the PLRA's exhaustion requirement. If the prison handbook was read in such a way, the PLRA's exhaustion requirement would be rendered superfluous. Similarly unavailing is Plaintiff's argument that his Complaint is not subject to the PLRA because he asserts a deliberate indifference claim, rather than a conditions of confinement claim. Id. at 2. Plaintiff's reading of conditions of confinement is too narrow, and the law is clear the PLRA applies to Plaintiff's Eighth Amendment deliberate indifference claim.

Plaintiff also contends a different regime covers administrative segregation and protective custody. Id. at 4-5. Specifically, Plaintiff points to SOP 209.06. Nothing in SOP 209.06 prevents an inmate from grieving the failure to place an inmate in protective custody. Id. at 72-76. Thus, Plaintiff's argument SOP 209.06 excused him from exhausting his administrative remedies is without merit.

Finally, Plaintiff asks for this Court to consider his Supplemental Complaint. Id. at 5. The Magistrate Judge found Plaintiff failed to ask for leave to file his Supplemental Complaint, as required by the Federal Rules of Civil Procedure and, thus, disregarded Plaintiff's Supplemental Complaint. Dkt. No. 16 at 1 n.1. The Court discerns no error with the Magistrate Judge's determination and, likewise, will not consider Plaintiff's Supplemental Complaint.

In sum, after an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **GRANTS** Defendant's Motion to Dismiss, **DISMISSES without prejudice** Plaintiff's Complaint based on his failure to exhaust his available administrative remedies, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Plaintiff in forma pauperis status on appeal.

**SO ORDERED**, this 2 day of August, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA